UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSHEEN HILLIARD,

Defendant.

Criminal Action No. 23-cr-00953 (JXN)

**OPINION**

**NEALS**, District Judge

Before the Court is Defendant Rosheen Hilliard's ("Hilliard" or "Defendant") motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). (ECF No. 4.) The United States of America ("the Government") opposed the motion. (ECF No. 6.) The Court has carefully considered the parties' submissions as well as the response submitted by the U.S. Probation Office ("Probation") and decides this motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion for early termination of supervised release is **DENIED**.

## I.    BACKGROUND

On May 31, 2018, Hilliard was convicted, following a jury trial before the Honorable Vincent L. Briccetti ("Judge Briccetti") in the District Court for the Southern District of New York ("SDNY"), of one count of conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (J. in Crim. Case 1, ECF No. 2-2.) On October 12, 2018, Judge Briccetti sentenced Hilliard to 108 months' imprisonment, followed by a four (4) year term of supervised release. (*Id*. at 2–3.) Hilliard's term of supervised release began on August 8, 2023. (Order of Transfer, ECF No. 1.) Jurisdiction over Hilliard's supervised release was

1

transferred from the SDNY to this Court on November 20, 2023. (*Id*.)

On August 29, 2025, Hilliard filed the instant motion seeking early termination of supervised release under 18 U.S.C. §3583(e)(1). (Def.'s Mot., ECF No. 4.) On February 5, 2026, the Government filed its response opposing Hilliard's motion. (Gov't. Opp'n., ECF No. 6.) Probation also submitted a response dated December 23, 2025, opposing Hilliard's motion. (Probation Report.) This matter is now ripe for the Court's consideration.

## II.    LEGAL STANDARD

The Court may terminate a term of supervised release at any time after one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute directs the Court to consider factors listed under 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.") (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

After considering the § 3553(a) factors and the defendant's current circumstances, a district

court may grant early termination only if it is satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).

Generally, because the imposition of an original sentence should be "sufficient, but not greater than necessary" 18 U.S.C. § 3553(a), courts "expect that something will have changed in the interim that would justify an early end to a term of supervised release," though fulfilling this expectation is not required. *Melvin*, 978 F.3d at 53. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable ... is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

## III.    DISCUSSION

The Court commends Hilliard on his reintegration into society and the positive steps he has taken to maintain employment and abide by the terms of his supervised release. Nevertheless, after review of the § 3553(a) factors, the Court determines that early termination of supervised release is not warranted at this time.

Section 3583(e) provides that the Court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978

3

F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). In support of his motion, Hilliard offers several reasons why this Court should grant his request for early termination of supervised release, including that he has successfully completed two years of supervised release without incident (Def.'s Mot. 1); that he has not committed any violations or infractions, and has not been arrested, while maintaining a cooperative relationship with Probation, (*id*. at 2); that he has maintained lawful employment with the Jersey City Municipal Utility Authority for over two years[1] and is also working as a freight hauler for Nu Lyf3 Consulting LLC, (*id.*); and that continued supervised release restricts his mobility, particularly in accepting interstate freight-hauling assignments that often require short-notice travel (*id.*).

Defendant's compliance with the terms of supervised release is, although "commendable…is precisely what is expected" of a defendant on supervision — it is the baseline, not the benchmark, for early termination. *Stiso,* 2021 WL 1291648, at *3. If compliance alone were enough and every formerly incarcerated defendant who satisfied all the conditions of their release received early termination, the exception would swallow the rule. *United States v. Paulino,* No. 18-292, 2023 WL 6938211, at *3 (D.N.J. Oct. 20, 2023) (citing *United States v. Guilliatt,* No. 01-408, 2005 WL 589354, at *1 (E.D. Pa. 2005); *United States v. Lohman*, No. 02-219, 2007 WL 1430282, at *1 (E.D. Wis. 2007)). The question is not whether Hilliard has, to date, satisfied his obligations — he has — but whether, weighing his conduct against the § 3553(a) factors, early termination is in the interest of justice. Here, it is not.

The Court notes that the nature and circumstances of Hilliard's offense are serious and do not favor early termination. The Government notes that Hilliard was the leader of a drug trafficking conspiracy, involving five or more participants, who used his co-conspirators to deliver large

---

[1] In its response to the underlying motion, Probation believes Hilliard began employment with the Jersey City Municipal Utility Authority in January 2025.

amounts of heroin and collect money. (Gov't. Opp'n. 2) (citing Hilliard's Presentence Investigation Report ("PSR") ¶¶ 27, 32, 35.) From 2015 to 2016, Hilliard provided his co-defendants with two to seven bricks of heroin at least twice per week. (*Id.*) (citing PSR ¶ 22.) Ultimately, "Hilliard was held responsible for the distribution of between 700 grams but less than one kilogram of heroin." (*Id.*) (citing PSR ¶¶ 27, 32, 35.) Hilliard also attempted to evade law enforcement through a complex system of multiple phones and coded text messages and relied on co-conspirators to make deliveries for him. (*Id.*) (citing PSR ¶ 24.) In December 2016, Hilliard was arrested following a controlled purchase of heroin by a government informant. (*Id.*) (citing PSR ¶ 26.)

As to the defendant's history and characteristics, when applied to Hilliard, this factor does not weigh in favor of early termination. While there is reason to applaud his recent conduct, Hilliard's criminal history — spanning multiple arrests and adjudications from 1998 through 2005 for offenses including aggravated assault and possession of a weapon — reflects a pattern of criminal conduct that poses a risk to public safety, as noted in the responses filed by the Government and Probation. Probation notes instances of recidivism in Hilliard's criminal history. (*See* Probation Report 2.) The Government also points to one of Hilliard's most violent offenses, in which Hilliard "kicked in the apartment door of an ex-girlfriend" and physically assaulted her (Gov't Opp'n 5) (citing PSR ¶ 47.) Hilliard was also convicted of attempted criminal possession of a weapon in connection with his possession of a firearm. (*Id.*) (citing PSR ¶ 49.) He was originally sentenced to six months' imprisonment and five years' probation for that conviction; that probation was later revoked, and he was sentenced to one to three years' imprisonment following an arrest and conviction on a separate criminal possession of a weapon charge. (*Id.*) (citing PSR ¶¶ 49-50.) Before Hilliard was paroled on the criminal possession of a weapon charge,

he was found to have lied on his interstate transfer application regarding his mother's residence and was reprimanded while under parole supervision for failing to remain at his approved residence. (*Id.*) (citing PSR ¶ 50.) Despite his prior convictions and probation terms, Hilliard continued to pursue the drug conspiracy underlying his federal charge. Given his apparent disregard for the criminal justice system and previous court supervision, granting early termination of supervised release would not accurately reflect his criminal history, nor would it ensure sufficient deterrence or public safety. 18 U.S.C. § 3553(a)(1)-(2).

Finally, Hilliard's argument that "continued supervised release restricts [his] mobility particularly in accepting interstate freight-hauling assignments that often require short-notice travel" and "hinder[s] his ability to expand his career and further his reintegration success" (Def.'s Mot. 2) is insufficient to justify terminating his supervised release. Rather, the Court notes that 18 U.S.C. § 3583(e)(2) provides a mechanism to modify the conditions of supervised release where such modification is warranted in the interest of justice. A motion to modify specific travel-related conditions — rather than a motion to terminate supervision entirely — would be the appropriate vehicle to address that discrete concern and would remain consistent with the Court's determination that continued supervision is warranted given the totality of the § 3553(a) factors. Further, Hilliard has not pointed to any instance in which he sought and was unreasonably denied permission to travel for work under the conditions of his supervised release. *United States v. Paulino,* 2023 WL 6938211, at *3 (finding that the defendant failed to show that early termination of supervised release was justified, particularly because he neither sought permission for out-of-district travel nor demonstrated that such permission was improperly denied). Thus, he has not met his burden of establishing that early termination "is warranted by" his "conduct" and in "the interest of justice" as the statute requires. 18 U.S.C. § 3583(e)(1).

6

After considering the 18 U.S.C. § 3553(a) factors and the record before the Court, the Court finds that Hilliard has not demonstrated that early termination of his supervised release is warranted by his conduct or in the interest of justice. *See United States v. Tiller*, No. 14-699, 2022 WL 1184793, at *2 (D.N.J. Apr. 20, 2022) ("The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a)."). The Court expects and encourages Hilliard to continue his current trajectory, with Probation's guidance and support as he progresses toward full reintegration. Accordingly, Hilliard's motion is denied at this time without prejudice to future filing for early termination.

## IV.   CONCLUSION

For the reasons herein, Hilliard's motion for early termination of his supervised release (ECF No. 4) is **DENIED**. An appropriate Order follows.

**Dated**: 6/10/2026

**JULIEN XAVIER NEALS**
**United States District Judge**